UNITED STATES of America

v.

Clyde EDWARDS, Defendant.

No. 79 Cr. 871.

United States District Court,
S. D. New York.

March 13, 1980.

Betty Santangelo, Asst. U. S. Atty., New York City, for United States.

Daniel L. Meyers, New York City, for defendant.

MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

The motion for judgment of acquittal notwithstanding the jury verdict, made pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, is denied. There was substantial evidence to warrant the jury verdict that the defendant, Clyde Edwards, was an intentional and knowing participant in the conspiracy as charged in the indictment.

Equally without substance is the defendant's contention with respect to independent and discrete conspiracies. The jury's attention was specifically directed to defendant's claim of separate and independent conspiracies and it was properly instructed on the subject. *United States v. Tramunti*, 513 F.2d 1087, 1107 (2d Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975); *United States v. Murray*, 618 F.2d 892 (2d Cir. 1980).

The proposed testimony of an investigator that on January 29, 1980, almost five months subsequent to the last act offered upon the trial to sustain the government's charge, he made a single purchase of chemicals at Berg Chemical Co. under a fictitious name and address, was properly excluded. The fact that long after the events testified to upon the trial a single and isolated purchase was made from a person other than either defendant was irrelevant as to the defendant's acts, conduct and intent based upon repeated transactions over an extended period and the receipt by Edwards of monies in connection with such transactions. Assuming, arguendo, the relevancy of the proffered testimony, it was properly excluded because its probative value, if any, was substantially outweighed by the danger of confusion of the issues or misleading the jury. In short, it appeared to this Court that it was nothing other than a red herring as is also true of the proffered testimony of an expert on chemistry. As to the latter, the government conceded and the jury was instructed that there were legitimate uses for the chemicals sold by these defendants. There was not the slightest need for expert testimony on this subject. Moreover, such expert testimony would have been cumulative to testimony fully developed during the cross-examination of one of the government's witnesses.

Defendant's final contention does not require discussion other than to state it, to indicate that it is baseless. Defendant's attorney swears that he received a telephone call from an individual who identified himself as a spectator at the trial, who criticized the attorney's conduct of the defense and who volunteered his spectator's view that the defendant should have testified. Finally, the attorney swears "it did not dawn on me that this could have been a call by a juror." This speculative observation is followed by the statement that on the next day the attorney was informed by his now convicted client, the defendant Edwards, that he had received a call from "a male who said he was a juror on his case" who told him "that the jury deliberations were in large measure focused on discussions concerning Mr. Edwards' failure to testify" contrary to the Court's instructions. Based on these two anonymous telephone calls, counsel requests that the Court convene a "judicial proceeding so that the Court and/or the lawyers for both sides may inquire as to the knowledge of the caller about the jury's deliberations, and the details of the information contained in the two unsolicitated [sic] phone calls." To grant this request upon the foregoing anonymous and hearsay calls would mean that every instance in which a statement is made by a defendant or his attorney that he received an anonymous telephone call charging jury dereliction or disregard of the court's instructions would mandate a judicial inquiry, and subject the members of the jury to investigation as to their deliberations. The request to "convene a judicial proceeding" upon the circumstances here presented borders on the absurd and is denied. *See King v. United States*, 576 F.2d 432, 438 (2d Cir. 1978). *See also* Rule 606(b) of the Federal Rules of Evidence.

So ordered.